Rana v. Barr

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand nineteen.

PRESENT:  ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              REENA RAGGI,
                      *Circuit Judges*.

_____

RANJIT RANA,

                                        *Petitioner*,

              v.                                        No. 17-2907-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

                                        *Respondent.*

_____

FOR PETITIONER:              Stuart Altman, New York, New York.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Appeal from the Board of Immigration Appeals.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of a Board of Immigration Appeals ("BIA") decision is DENIED.

Petitioner Ranjit Rana, a native and citizen of Nepal, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Ranjit Rana*, No. A206 296 708 (B.I.A. Aug. 28, 2017), *aff'g* No. A206 296 708 (Immig. Ct. N.Y. City Oct. 31, 2016). Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

The challenged agency denial was based on its finding that Rana had not credibly demonstrated past persecution. We review adverse credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Gurung v. Barr*, 929 F.3d 56, 60 (2d Cir. 2019) (stating that substantial evidence standard "requires that . . . factual findings be based on reasonable, substantial, and probative evidence in the record" (internal quotation marks and brackets omitted)); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Under the governing standard, a trier of fact, "[c]onsidering the totality of the circumstances, . . . may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of

2

the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We defer to an IJ's credibility determination unless "it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Gurung v. Barr*, 929 F.3d at 60; *see* 8 U.S.C. § 1252(b)(4)(B).

Here, the agency found Rana not credible based on several inconsistencies supported by the record. First, the agency identified inconsistencies in Rana's and his wife's accounts of a 2008 home encounter with Maoists. While Rana stated in a written declaration that he paid Maoists a few thousand rupees during that incident, he testified at his merits hearing that only his wife paid the Maoists. Rana claimed at the hearing that his written declaration, prepared by his brother, was mistaken, and that when Rana submitted his application to the asylum office in Jamaica, New York, he "assumed that the system will change and correct it." Certified Administrative Record ("CAR") at 80. Rana also testified that he told the asylum office during his second interview it was his wife who had given rupees to the Maoists during the 2008 incident, and that he had indicated to the officer that there was a mistake in his application. But neither the asylum officer's notations in Rana's application, nor the officer's summary of Rana's interview, make any reference to such a correction.

Further, when confronted with an English translation of his wife's letter, which stated that Rana had paid the Maoists, he claimed that his wife's original letter, written in Nepali, did not in fact state that he had paid them. An interpreter at the hearing confirmed that Rana's wife's letter implicated both Rana and his wife as having been involved in the

3

payment and, on appeal before the BIA, Rana conceded that he had made a mistake when he testified that his wife's letter contained a translation error. *See id.* at 4.

Second, the agency identified an inconsistency between Rana's hearing testimony that, following a Maoist attack in 2011, Rana was hospitalized for six days at Antipul Hospital, and a hospital record indicating that Rana had been treated at Kathmandu Medical College Hospital. When confronted with this inconsistency, Rana claimed that he had made a mistake in his testimony.

The agency was not compelled to credit Rana's explanations for these inconsistencies and, therefore, to find him credible. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Moreover, even if individually, these inconsistences might be deemed minor so as not to support an adverse credibility determination, *see generally Gurung v. Barr*, 929 F.3d at 61, their cumulative effect, under the totality of the circumstances, could lead a reasonable fact-finder to conclude that Rana was not credible in testifying to the past persecution by Maoists that formed the basis for his asylum application, *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 167 (observing that "IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible" (emphasis in original) (internal quotation marks omitted)); *id.* (reasoning that, even though inconsistences and omissions relied upon by IJ were "not directly material" to petitioner's claims, their "cumulative effect . . . reasonably could have affected the IJ's [credibility] evaluation").

In sum, the record here would not have "compelled" a reasonable adjudicator to reach a credibility determination in favor of Rana. *Majidi v. Gonzales*, 430 F.3d at 79.

4

Thus, we identify no error in the agency determination that Rana had not credibly demonstrated the persecution supporting his claims for asylum, withholding of removal, and CAT relief.[1]

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] The agency did not address and, therefore, we need not consider, whether the abusive conduct by Maoists, if credited, constituted political persecution. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) ("[P]ersecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it.").